IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN T. STEELE, as co-beneficiary under : 
the Will, co-trustee of the Amended Trust, :  No.   1:11-cv-1124
and co-executor of the Estate of Margaret :
R. Steele, :  Hon. John E. Jones III
: 
Plaintiff, :
: 
v. :
: 
FIRST NATIONAL BANK OF :
MIFFLINTOWN and ELYSE ROGERS, :
: 
Defendants and Third-Party :
Plaintiffs, :
: 
v. :
: 
KEVIN T. BRENNAN, ESQUIRE, :
FRANKLIN MONTGOMERY, ESQUIRE, :
and VINCE & BRENNAN, P.C., :
: 
Third-Party Defendants. :

## MEMORANDUM & ORDER

### March 25, 2013

Presently pending before the Court are two Motions for Leave to File an

Amended Third-Party Complaint (docs. 97, 98) filed by Defendants First National

Bank of Mifflintown ("First National") and Elyse Rogers ("Rogers"). The Motions

have been fully and excellently briefed (docs. 99, 100, 106-08, 111) and are thus

ripe for disposition. For the reasons that follow, in particular because we find that

First National and Rogers lack the requisite privity to assert a legal malpractice action against the proposed Third-Party Defendants, we will deny both said Motions in their respective entireties.

## I.    FACTUAL AND PROCEDURAL HISTORY

The parties are intimately aware of the procedural posture and factual panoply of this litigation and thus, for the sake of brevity, the Court will recite only the most pertinent background here. Plaintiff John T. Steele initiated this action on June 13, 2011 by filing a Complaint against First National and Rogers. The Plaintiff asserts claims for tortious interference, breach of fiduciary duty, negligence, and gross negligence, each arising out of the Defendants' involvement in the estate planning of Plaintiff's grandmother, Margaret R. Steele ("Decedent"). The Plaintiff brought these claims in his individual capacity, in his capacity as a co-beneficiary and co-executor of the Decedent's estate, and in his capacity as a co-trustee under a trust created by the Decedent's will.

On July 3, 2012, we adopted in part and rejected in part the report and recommendation ("R&R") of Magistrate Judge Mildred E. Methvin, and dismissed on standing grounds the claims brought by the Plaintiff as co-executor of the estate and co-trustee of the testamentary trust. We allowed the Plaintiff to proceed on the claims brought in his individual capacity and as co-beneficiary of the Decedent's

estate. We further concluded that due to the nature of this case and the remedies sought, the probate exception to federal litigation does not bar suit in this Court. On July 16 and 17, 2012, First National and Rogers filed their respective Answers. Thereafter, First National and Rogers filed Third-Party Complaints against Kevin Brennan ("Brennan"), Esquire, Franklin Montgomery ("Montgomery"), and Vince & Brennan, P.C., (collectively, "Estate Attorneys") alleging that if First National or Rogers are found liable to the Plaintiff, the Estate Attorneys are jointly and severally liable to First National or Rogers for contribution for their respective roles in creating and implementing the Decedent's botched estate plan. The Estate Attorneys thereafter filed Rule 12(b)(6) motions to dismiss.

In ruling on those motions, we concluded that neither First National nor Rogers had set forth any factual basis to support their sweeping legal conclusions with regard to the alleged legal malpractice of the Estate Attorneys and that we could thus not measure the merit of their proposed contribution claim. In doing so, we noted that the broad assertions in the proposed pleadings were, at that juncture, insufficient to determine whether joint or contributory liability could attach. We further noted that neither pleading causally connected its conclusory allegations of wrongdoing to the harm suffered by the principal Plaintiff, a requisite element of a contribution claim. For those reasons, we dismissed both Third-Party Complaints,

without prejudice to either party to move for leave to file an amended complaint if either possesses facts which, deemed true, cure the perceived deficiencies in their first filings.

On February 5, 2013, Rogers and First National filed the instant Motions for Leave to File an Amended Third-Party Complaint (docs. 97, 98) together with the proposed amended pleadings and red-lined versions of their initial third-party complaints highlighting the revisions thereto for the Court. On February 19, 2013, both parties filed briefs in support of their motions. (Docs. 99, 100). The Estate Attorneys filed opposition papers on March 5, 2013, arguing that granting leave to file the amended pleadings would be a futile effort because neither third-party pleading states a claim for which relief can be granted. (Docs. 106, 107, 108). On March 19, 2013, Rogers filed a reply-brief. (Doc. 111). The Motions are thus ripe for disposition.

## II.    STANDARDS OF REVIEW

### A.    Rule 15(a) Leave to Amend

Where a party moves for leave to amend a pleading after a responsive pleading has been filed or the scheduling deadline has elapsed, a court must analyze the request under both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. R. 15(a) ("In all other cases, a party may amend

its pleading only with the opposing party's written consent or the court's leave.");

Fed. R. Civ. P. R. 16(b)(4) ("A schedule may be modified only for good cause and

with the judge's consent.").  Leave to amend a pleading "shall be freely given

when justice so requires" pursuant to Rule 15(a)(2).

"In the absence of substantial or undue prejudice, denial [of amendment]

must instead be based on bad faith, dilatory motives, truly undue or unexplained

delay, repeated failures to cure the deficiencies by amendments previously

allowed, or futility of amendment." *Braddy-Robinson v. Hilton Scranton Hotel &*

*Conf. Ctr.*, 2008 U.S. Dist. LEXIS 72643, *4-5 (M.D. Pa. 2008) (quoting *Lorenz*

*v. CSX Corp.*, 1 F.3d, 1406, 1414 (3d Cir. 1993)).  An amendment is "futile" if it

fails to state a claim for which relief could be granted by Rule 12(b)(6) standards.

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002).

## B.    Rule 12(b)(6) Motions to Dismiss

As above-noted, we test the viability of a proposed amended pleading by

the same standard applicable to Rule 12(b)(6) motions to dismiss. In considering a

motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations

as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff

may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d

Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir.

2002)). In resolving a motion pursuant to Rule 12(b)(6), a court generally should

consider only the allegations in the complaint, as well as "documents that are

attached or submitted with the complaint, . . . and any matters incorporated by

reference or integral to the claim, items subject to judicial notice, matters of public

record, orders, [and] items appearing in the record of the case." *Buck v. Hampton

Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the

pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain

a short and plain statement of the claim showing that the pleader is entitled to

relief, "in order to give the defendant fair notice of what the claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual

allegations, it must contain "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. ___, 129

S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a civil plaintiff must

allege facts that "raise a right to relief above the speculative level . . . ." *Victaulic*

*Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at

555). Accordingly, to satisfy the plausibility standard, the complaint must indicate

that defendant's liability is more than a "sheer possibility." *Iqbal*, 129 S. Ct. at

1949. "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility

of entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later

expounded upon and formalized in *Iqbal*, a district court must first identify all

factual allegations that constitute nothing more than "legal conclusions" or "naked

assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to

the assumption of truth" and must be disregarded for purposes of resolving a Rule

12(b)(6) motion to dismiss. *Iqbal*, 129 S. Ct. at 1950. Next, the district court must

identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual

allegation[s]." *Id.* Taking these allegations as true, the district judge must then

determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears

unlikely that the plaintiff can prove those facts or will ultimately prevail on the

merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8

"does not impose a probability requirement at the pleading stage, but instead

simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III. DISCUSSION

As we have previously noted, in ruling on the Estate Attorneys' Motions to Dismiss, the Court found that the respective third-party pleadings lacked any factual specificity from which we might measure Rogers' and First National's contribution claims and thus dismissed both of the Third-Party Complaints without prejudice to Rogers and First National to move for leave to file amended pleadings. Upon review of the proposed amended pleadings filed with the Court, and the arguments made by all parties in their excellent submissions, we must deny the requested leave to amend.

It is well to note that both First National and Rogers have taken steps to remedy the factual deficiencies of their initial third-party pleadings and have included in their respective Amended Third-Party Complaints copious, detailed factual allegations in support of their claims. Notwithstanding these detailed factual allegations, and even accepting every such allegation as true, the third-party claims against the Estate Attorneys fail an essential hurdle: the requirement of privity in a legal malpractice action. This element is a threshold requirement to any professional negligence claim, and thus whether or not privity is established is

dispositive of the legal malpractice claims. It is for this reason that we ultimately conclude that leave to file the amended third-party complaints would be futile.

The courts of the Commonwealth have long held that it is a prerequisite to any claim for legal malpractice that the plaintiff stand in privity with the attorney against whom he brings suit. *See Guy v. Liederbach*, 459 A.2d 744, 750 (Pa. Sup. Ct. 1983) ("We retain the requirement that plaintiff must show an attorney-client relationship or a specific undertaking by the attorney furnishing professional services . . . as a necessary prerequisite for maintaining such suits in trespass on a theory of negligence."). Where a plaintiff fails to plead that he was in privity with any of the defendants and that any defendant performed a specific service for him, requirements expressly articulated in *Guy*, a professional malpractice claim against those defendants is not viable. *See, e.g.*, *Tredennick v. Bone*, 323 Fed. Appx. 103, 104 (3d Cir. 2008) (where plaintiff did not plead privity with tax service provider, no professional negligence claim). The Third Circuit has acknowledged this state law requirement. *Id.* ("[A] plaintiff cannot sustain a professional negligence action unless she is in privity with the party against whom the action is directed.").

Because First National and Rogers intend to proceed on a contribution theory—that is, that the Estate Attorneys are derivatively liable to the Plaintiff— the pleadings must establish an attorney-client relationship between the Plaintiff

and the Estate Attorneys. *See Guy*, 459 A.2d at 750. Here, the pleadings contain no facts establishing an attorney-client relationship between the Plaintiff, in his individual capacity, and the Estate Attorneys. Neither the proposed third-party pleadings nor Plaintiff's complaint support an inference of such a relationship. Indeed, while the proposed Amended Third-Party Complaints expand upon the estate planning process in great detail, they are entirely devoid of any reference to the Plaintiff or any relationship that may have existed between the Plaintiff and the Estate Attorneys. As a result, even assuming every fact in the proposed pleadings to be true, the contribution claims fail as a matter of law. For this reason, we are constrained to deny leave to amend because to do so would be a futile exercise.

Finally, we recognize that Defendant Rogers in her initial motion to dismiss asserted that there was a lack of privity between herself and the Plaintiff and that the claims against her should be dismissed. Both Magistrate Judge Methvin in her R&R and this Court in granting in part and rejecting in part that R&R failed to address this privity argument. In the interest of abundant fairness, we now must acknowledge that our failure to address this argument was in error. Based on the review of the relevant case law herein undertaken, and cognizant of the fact that Rogers can, like the Estate Attorneys, avail herself of this argument, we will grant Rogers leave to move for reconsideration *nunc pro tunc* to address this issue

should she so elect. The Plaintiff will, of course, be given the full and fair opportunity to respond to the motion consistent with the briefing deadlines outlined in the Local Rules.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Motions for Leave to File an Amended Third-Party Complaint (docs. 97, 98) filed by Defendants Elyse Rogers and First National Bank of Mifflintown are **DENIED** in their respective entireties.

2.    Consistent with this memorandum, Defendant Rogers is granted leave to file a motion for reconsideration *nunc pro tunc* on the issue of whether the privity prerequisite for professional negligence claims bars the Plaintiff's legal malpractice claims against her. Any such motion **SHALL** be filed within fourteen (14) days of today's date and accompanied by a supporting brief. Further briefing shall be in accordance with the schedule outlined in the Local Rules of Court.

s/ John E. Jones III
John E. Jones III
United States District Judge